IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **DONALD HUDSON, JR.,** | : |
| **Plaintiff,** | : |
| VS. | : NO. 1:21-CV-00209-LAG-TQL |
| **DR. ROLAND BROWN,** *et al.*, | : |
| **Defendants.** | : |

# ORDER

*Pro se* Plaintiff Donald Hudson, Jr., an inmate most recently confined in the Sumter County Jail in Americus, Georgia, has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). The Court also consolidated another related case filed by Plaintiff, *Hudson v. Queny*, 1:21-cv-00208-WLS-TQL (M.D. Ga. Nov. 18, 2021), into the above-captioned action. Plaintiff has not, however, paid a filing fee or filed a proper motion to proceed without the prepayment of the filing fee in this consolidated action. A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Without a motion and this account statement (or similar certified documentation from the prison), the Court does not have sufficient information to determine whether Plaintiff is entitled to proceed *in forma pauperis* or to calculate the average monthly deposits or the average

monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial filing fee when funds are available). Accordingly, Plaintiff is **DIRECTED** to submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms for this purpose, marked with the case number of the above-captioned action.

Plaintiff is also **DIRECTED** to refile his complaint on a standard § 1983 form. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed. **The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1) in this case and the original Complaint (ECF No. 1) filed in *Hudson v. Queny*, 1:21-cv-00208-WLS-TQL (M.D. Ga. Nov. 18, 2021)**. The Court will not look back to those documents to determine whether Plaintiff has stated an actionable constitutional claim. Plaintiff should therefore ensure that every factual allegation and legal claim that he wishes the Court to consider is included in his Recast Complaint. The Clerk is **DIRECTED** to

forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the required $402.00 filing fee or file a proper motion to proceed without the prepayment of the filing fee, to include a certified copy of his prison trust account information, and (2) to refile his Complaint with the Clerk of Court as described above. **If Plaintiff does not timely and fully comply with this Order, this action will be dismissed.** Plaintiff is further **DIRECTED** to notify the Court of any change of address. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 24th day of January, 2022.

s/*Thomas Q. Langstaff*
United States Magistrate Judge

3